[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 03-13022

_____

D.C. Docket No. 01-02059-CV-ASG

MCI WORLDCOM NETWORK SERVICES, INC.,

Plaintiff–Appellant,

versus

MASTEC, INC.,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 8, 2008)**

Before TJOFLAT, BARKETT and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

In this torts case, MCI WorldCom Network Services, Inc. sued Mastec, Inc., seeking compensatory, loss-of-use, and punitive damages after Mastec inadvertently severed one of MCI's fiber-optic cables. The district court granted summary judgment in favor of Mastec as to MCI's claim for loss-of-use damages. Faced with uncertainty regarding state law on this issue, we certified the following two questions to the Florida Supreme Court:

> IS A TELECOMMUNICATIONS SERVICES CARRIER ENTITLED TO DAMAGES FOR THE LOSS OF USE OF A FIBER-OPTIC CABLE DAMAGED BY A DEFENDANT WHEN THE CARRIER INTENDED TO HAVE THE FULL CAPACITY OF THE DAMAGED CABLE AVAILABLE FOR ITS USE SHOULD THE NEED HAVE ARISEN, BUT THE CARRIER WAS ABLE TO ACCOMMODATE WITHIN ITS OWN NETWORK THE TELECOMMUNICATIONS TRAFFIC CARRIED BY THE DAMAGED CABLE AND THE CARRIER PRESENTED NO EVIDENCE THAT IT SUFFERED LOSS OF REVENUE OR OTHER DAMAGES DURING THE TIME THE CABLE WAS UNAVAILABLE?
>
> IF THE TELECOMMUNICATIONS CARRIER IS ENTITLED TO LOSS OF USE DAMAGES, DOES THE PRE-INJURY VALUE OF THE DAMAGED CABLE ESTABLISH A LIMIT TO THOSE DAMAGES, OR SHOULD THE FAIR MARKET RENTAL VALUE OF AN EQUIVALENT REPLACEMENT CABLE FOR THE TIME REASONABLY NECESSARY TO MAKE REPAIRS SERVE AS THE MEASURE OF LOSS OF USE DAMAGES?

MCI WorldCom Network Servs., Inc. v. Mastec, Inc., 370 F.3d 1074, 1078–79 (11th Cir. 2004).

The Florida Supreme Court modified these questions to read:

2

> IS A TELECOMMUNICATIONS SERVICES CARRIER ENTITLED TO LOSS OF USE DAMAGES MEASURED BY THE COST OF RENTING A REPLACEMENT FOR A FIBER-OPTIC CABLE DAMAGED BY A DEFENDANT WHEN THE CARRIER WAS ABLE TO ACCOMMODATE WITHIN ITS OWN NETWORK THE TELECOMMUNICATIONS TRAFFIC CARRIED BY THE DAMAGED CABLE AND THE CARRIER PRESENTED NO EVIDENCE THAT IT RENTED REPLACEMENT CABLE OR SUFFERED ANY LOSS OF REVENUE OR OTHER DAMAGES DURING THE TIME THE CABLE WAS UNAVAILABLE?

MCI WorldCom Network Servs., Inc. v. Mastec, Inc., No. SC04-948, 2008 WL 2678024, at *1 (Fla. July 10, 2008).  The Florida Supreme Court then answered the new question in the negative, holding that loss-of-use damages based on rental replacement value is not the appropriate measure of damages when there were no such costs incurred and the telecommunications traffic carried by the damaged cable was accommodated within the telecommunications carrier's own network with no loss of service.  Id. at *7.

Based on our understanding of the Florida Supreme Court's holding in the instant case, we affirm the district court's grant of summary judgment in favor of Mastec as to MCI's loss-of-use damages claim.

**AFFIRMED.**

3